IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD EDWARD MCCORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-21-559-PRW |
| ) | |
| SCOTT NUNN, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This case comes before the Court on United States Magistrate Judge Shon T. Erwin's Report & Recommendation (Dkt. 12), recommending that Petitioner's 28 U.S.C. § 2254 petition be dismissed as untimely, and Petitioner Donald Edward McCord's Objection (Dkt. 13). Magistrate Judge Erwin concluded that Petitioner's Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitations period to file a § 2254 petition expired on March 20, 2020. And since Petitioner did not file this petition until June 1, 2021, Magistrate Judge Erwin concluded that it was untimely and must be dismissed. Petitioner's objection takes issue with Magistrate Judge Erwin's conclusion that Petitioner is not entitled to equitable tolling of his AEDPA limitations period. In support of this contention, Petitioner avers to general concerns related to prison life and the COVID-19 pandemic.

Upon review, the Court agrees with Magistrate Judge Erwin and concludes that Petitioner's petition must be dismissed as untimely. Petitioner's objection does little to dispute Magistrate Judge Erwin's conclusion that this petition was filed after the expiration

of AEDPA's one-year limitations period.[1] And the Court agrees with Magistrate Judge Erwin that Petitioner is not entitled to equitable tolling. "Equitable tolling is a rare remedy"[2] that is "to be applied sparingly."[3] "In order to receive the benefit of equitable tolling, [a habeas petitioner] *must show* . . . 'that some extraordinary circumstance stood in his way and prevented timely filing.'"[4] General concerns are not enough; a habeas petitioner has a "strong burden to show specific facts" that prevented him or her from timely filing a petition.[5]

Petitioner's objection does not demonstrate an extraordinary circumstance that entitles him to equitable tolling. To begin, "general difficulties" related to pursuing legal action from prison are insufficient to demonstrate an extraordinary circumstance justifying equitable tolling.[6] So too for general difficulties related to the COVID-19 pandemic.[7] Petitioner has failed to identify any circumstance unique or specific to his situation that prevented him from filing a timely petition. Because his general concerns related to access

---

[1] To the extent that Petitioner has presented an adequate objection, the Court has reviewed Magistrate Judge Erwin's analysis de novo and agrees with Magistrate Judge Erwin's AEDPA period calculations.

[2] *Wallace v. Kato*, 594 U.S. 384, 396 (2007).

[3] *Nat'l. R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002).

[4] *Porter v. Allbaugh*, 672 F. App'x 851, 856 (10th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[5] *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow,* 512 F.3d 1304, 1307 (11th Cir. 2008)).

[6] *Porter*, 672 F. App'x at 857.

[7] *See Donald v. Pruitt*, 853 F. App'x 230, 234 (10th Cir. 2021).

to legal materials and COVID-19 are insufficient,[8] Petitioner has not demonstrated an extraordinary circumstance entitling him to equitable tolling. Absent equitable tolling, Petitioner's petition was untimely and must be dismissed.

Accordingly, the Court hereby **ADOPTS** the Report & Recommendation (Dkt. 12) and **DISMISSES** the Petition (Dkt. 1).[9]

**IT IS SO ORDERED** this 30th day of September 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] Nor is it likely that Petitioner could make such a showing. It is worth noting that COVID-19 could have only impacted the very tail end of Petitioner's AEDPA period, as his period expired on March 20, 2020. Almost the entirety of Petitioner's one-year period was not impacted by COVID-19. Nor does it appear that the early days of COVID-19 inhibited him from filing a petition. As Magistrate Judge Erwin points out, Petitioner was able to file legal documents in this Court on March 18, 2020, just two days prior to the expiration of his AEDPA period. *See* R & R (Dkt. 12), at 6.

[9] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability (COA). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.